The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion regarding A.C.A. §12-41-506, entitled "Expenses of municipal prisoners held in county jails." You have presented the following five questions:
 1. Are municipalities required to pay a jail fee for prisoners held in the county jail that have been charged by the city with a misdemeanor offense?
 2. Does this law only pertain to prisoners charged with violation of a municipal ordinance?
 3. If convicted in Municipal Court on a misdemeanor charge by the city, do they remain a city prisoner even though they are held in the county jail?
4. At what point does a municipal prisoner become a county prisoner?
 5. Are municipalities responsible to pay medical bills and provide medication for prisoners held in the county jail?
RESPONSE
Question 1 — Are municipalities required to pay a jail fee for prisonersheld in the county jail that have been charged by the city with amisdemeanor offense?
I assume that you are referring to an offender who has been charged by the city with violation of a municipal ordinance. In my opinion, the answer to your question is "yes."
Arkansas Code Annotated § 12-41-506(a) (Repl. 1995) provides that in the absence of an agreement on jail costs, the quorum court may establish a "daily fee to be charged municipalities for keeping prisoners of municipalities in the county jail." The statute further provides that "Municipalities whose prisoners are maintained in the county jail shall
be responsible for paying the fee established by the quorum court in the county." A.C.A. § 12-41-506(b)(1) (emphasis supplied). Although the statute does not define "prisoners of municipalities," this office has previously opined that an offender who was arrested by a municipal law enforcement officer would be considered a municipal prisoner if the offense is a violation of a municipal ordinance or Arkansas statutory law. See Op. Att'y Gen. Nos. 96-249, 91-409 (copy enclosed), and 91-040. Further, § 12-41-506(b)(2) provides that "When a person is sentenced to a county jail for violating a municipal ordinance, the municipality shall be responsible for paying the fee established by an agreement or ordinance of the quorum court in the county." See also A.C.A. § 16-17-707
(Repl. 1994) (fines, fees, and costs collected in municipal court in all criminal cases arising out of violations of city ordinances are generally disbursed to city treasury). Thus, it seems clear that an offender who has been charged by the city with violation of a municipal ordinance is a "municipal prisoner" pursuant to § 12-41-506, and, absent an agreement, municipalities are required to pay a "daily fee" for such prisoners held in the county jail.
Question 2 — Does this law only pertain to prisoners charged withviolation of a municipal ordinance?
It is my opinion that the answer to this question is "no." As discussed in my response to question one, an offender who was arrested by a municipal law enforcement officer would be considered a municipal prisoner if the offense is a violation of a municipal ordinance or
Arkansas statutory law. Please see my response to question four regarding when, if ever, such prisoners would no longer be considered municipal prisoners.
Question 3 — If convicted in Municipal Court on a misdemeanor charge bythe city, do they remain a city prisoner even though they are held in thecounty jail?
In my opinion, the answer to this question is "yes." Again, I assume that you are referring to an offender who has been charged by the city with violation of a municipal ordinance. Section 12-41-506(b)(2) provides that "When a person is sentenced to a county jail for violating a municipal ordinance, the municipality shall be responsible for paying the fee established by an agreement or ordinance of the quorum court in the county." In Opinion No. 95-249 (copy enclosed), I opined that, in accordance with this provision, a city will be responsible for paying the daily fee when a person is sentenced for a municipal ordinance violation.
Question 4 — At what point does a municipal prisoner become a countyprisoner?
Again, an offender who was arrested by a municipal law enforcement officer would be considered a municipal prisoner if the offense is a violation of a municipal ordinance or Arkansas statutory law. In Opinion No. 91-409 (copy enclosed), I opined that a prisoner arrested by city police remained a city prisoner until felony charges were filed against that person. I concluded that counties principally bear the cost of felony prosecutions; therefore, responsibility for the costs of imprisoning someone awaiting trial on felony charges is effectively imposed upon the county. See also A.C.A. § 16-92-101, 105, 109 (1987 
Supp. 1995).
In addition, a city will be responsible for paying the fee when a person is sentenced to the county jail for a municipal ordinance violation. See
Op. Att'y Gen. 95-249. Conversely, when a person is sentenced to the county jail for an offense other than a municipal ordinance violation, the city will not be responsible for paying a daily fee.
Question 5 — Are municipalities responsible to pay medical bills andprovide medication for prisoners held in the county jail?
It should first be noted that a county and all municipalities having law enforcement agencies in the county may have reached an agreement concerning jail costs. A.C.A. § 12-41-506 (a)(1). If such an agreement exists, then it should initially be consulted. Absent such an agreement, the quorum court in a county may establish a daily fee to be charged municipalities. A.C.A. § 12-41-506(a)(1). Section 12-41-506(a)(2) provides that "the [daily] fee shall be based upon the reasonable expenses which the county incurs in keeping such prisoners in the county jail."
In Opinion No. 97-006, I opined that a persuasive argument can be made that necessary medical expenses are reasonable expenses incurred by the county. In Opinion No. 81-20, this office commented that a municipality is benefited by the county's undertaking to attend to the prisoner's medical needs just as it is benefited by the county's supplying the prisoner's quarters and food. Therefore, it appears that the cost of medical expenses could be considered in determining the daily fee to be charged municipalities.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh